Jamison et al. v. Fopiana et al.

---

WILLIAM C. JAMISON *et al.*, Appellants, *v.* GITIANO FOPIANA *et al.*, Respondents.

1. *Conveyances—City of St. Louis—Deed by Mayor need not recite his authority to act.*— Where, under a resolution of the city council of St. Louis which directed the mayor to execute a deed of certain real estate to the legal representatives of A., and the deed was made to B. without stating that he was the legal representative of A., but recited that it was made under a compro-

mise sale in pursuance of a resolution of the city council, naming the date when the resolution was approved: *held*, that the deed contained a good title on its face, and must be considered presumptive or *prima facie* evidence of title. Deeds by municipal officers acting under ordinances or resolutions of the law-making power of the corporation need not recite the ordinances or resolutions, nor show on their face that the contingency has happened which would authorize the sale.

2. *Trusts and Trustees, rules governing — City authorities.*—The rules that govern trustees in the execution of their trusts do not apply to city authorities.

*Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day,* for appellants.

" The deed of the corporation of St. Louis, under the corporate seal, implies the authority of the officer executing it." (1 Ky. 268 ; 15 Wend. 25 ; 6 S. & R. 12 ; 13 Halst. 183 ; 4 Yerg. 7 ; Swartz v. Page, 13 Mo. 63.)

*H. A. Clover,* for respondents.

The plaintiff failed in his chain of title by omitting to read in evidence or offering in evidence the deed of Miss Lami to Michael S. Cerre, whereby it would be made to appear that he, Michael S. Cerre, was the legal representative of Miss Lami, and that the mayor had authority to make the deed in evidence to Mr. Cerre.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment to recover three acres of land situated in the county of St. Louis, in the St. Louis commons, and being the western part of what is known as the Lami tract. The petition contained a simple count in ejectment. The answer denied the allegations in the petition, and, in addition, set up the statute of limitations as a bar to plaintiff's recovery. The plaintiff deduced title from the city of St. Louis, and on the trial read in evidence a deed from the city, executed by the mayor under the seal of said city, to Michael S. Cerre, purporting to convey the land in controversy, under a compromise sale, in pursuance of a resolution of the city council approved December, 1840. He also offered and read in evidence a deed from Cerre and wife to Hardage Lane, and the will of Lane, from which he derives title.

The resolution of the city council was also submitted in testimony, by which the mayor was authorized to compromise with the legal representatives of Miss Lami for the title of the city of St. Louis to the tract of land called the Lami tract, at $20 per acre, and to make and execute a deed accordingly.

At the close of the plaintiff's testimony, the court, at the request of the defendant, instructed the jury that the plaintiff was not entitled to recover. Plaintiff then took a non-suit, with leave to move to set the same aside; and, upon refusal to set the same aside, the case was appealed to this court.

It is insisted by the counsel for defendant that the plaintiff cannot prevail in this action, because the resolution directed the mayor to execute a deed to the legal representatives of Miss Lami, and that he made the conveyance to Michael S. Cerre; and that, as no proof was given to show that Cerre was her representative, or that any connection existed between them, it was a defective or void execution of the power.

The deed does not state that Cerre was the legal representative of Miss Lami, but it recites that it was made under a compromise sale, in pursuance of the resolution of the city council, naming the date when the resolution was approved; and the question now is, what force and effect is to be given to it?

If it were conceded that the city of St. Louis, in disposing of her commons, occupied the position of a trustee, there might be some weight in the objection; but it is well settled and the universal doctrine that the rules that govern trustees in the execution of their trusts do not apply to city authorities. A deed by a trustee, under a special power, must recite the power and show on its face that the contingency has happened which would authorize the sale. Not so with municipal officers acting under ordinances or resolutions of the law-making power of the corporation.

The rule was well stated by this court in Swartz v. Page, 13 Mo. 603, where it was said: "The municipal corporation of St. Louis occupies a different position—more analogous to that which the United States does as a great landed proprietor. When a deed from the United States is produced, the grantee is not bound to show that all the prerequisites of the law have been complied

with. It is not incumbent on him, when he produces his patent, to prove that the land was surveyed, and that it was duly proclaimed for sale by the president, and that it was duly offered for sale at public auction. These are preliminaries to a patent which the law requires ; but the production of the patent raises the presumption that these preliminary acts have been duly performed. Nor will our courts hear any objection from the opposite party, on account of a defect in these prior proceedings, unless that party holds a conflicting title from the same source."

The law of 1835 authorizes the city to compromise her claim to the commons ; the council passed the resolution pursuant to that law, and the mayor was the person chosen to execute the deed. The conveyance was clothed with all the formalities of a solemn instrument ; it conveyed a good title on its face, and must be considered at least presumptive or *prima facie* evidence of title. (Swartz v. Page, *supra* ; Riley v. Chouquette, 18 Mo. 220 ; Tigh v. Chouquette, 21 Mo. 233 ; Chouquette v. Barada, 33 Mo. 259.)

The plaintiff made out a case on which he was entitled to recover, unless the defendant succeeded in showing a better title or in establishing his bar by reason of the statute of limitations. The court erred in withdrawing the cause from the jury ; the defendant should have proceeded with his evidence, and the trial should have progressed on the facts.

Reversed and remanded. The other judges concur.