HAYS, *Appellant*, v. PERKINS *et al.*

DIVISION ONE.

1. **Judgment Lien:** DEDICATION 'TO CITY BY DEBTOR.    A debtor cannot, by laying his land off into lots and streets, and filing plat of same, affect a judgment lien already existing against it.

2. **Conveyance:** REFERENCE TO OTHER DOCUMENTS.    A reference in a deed to a report of sale, made in a partition suit, and plat filed therewith makes them a part of said deed.

3. **Sheriff's Sale:** SELLING LAND IN LUMP.    A sheriff improperly selling land in a lump will not render such sale void.

*Appeal from Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Porter & Woodson* for appellant.

(1) When E. O. Hays platted the land he destroyed its identity by its original description; and the law will enforce recognition of the new description, which the statute authorizes to be made.    A sheriff's sale, by the original description, is void.    *Evans v. Ashley*, 8 Mo. 178; *Hart v. Rector*, 7 Mo. 532; *McPike v. Allman*, 53 Mo. 558; *Cromwell v. Thurston*, 59 Mo. 157; 2 Freeman on Executions [2 Ed.] secs. 281, 330; 2 Devlin on Deeds, sec. 1432; *Clemens v. Rannells*, 34

Mo. 579; *Henry v. Mitchell*, 32 Mo. 512. "The sheriff ought to give in his notice as full and complete a description of the property as in the exercise of ordinary diligence, it is possible for him to give, in view of its character, condition and location." 2 American & English Encyclopedia of Law, p. 211, title, Judicial Sales. (2) The existence of judgment liens does not interfere with the right of a proprietor to plat his lands under the statutes provided for laying off additions to towns and cities. While it is denominated a judgment lien, it is not a lien on any specified property, but a charge on all the property of the debtor, to be enforced by execution against such as may be levied on. 1 Jones on Liens, sec. 13, cases cited; *Conrad v. Ins. Co.*, 1 Pet. (U. S.) 443; *Warner v. Veitch*, 2 Mo. App. 642. Such platting does not interfere with the right of the judgment creditor to sell the property, but it is the duty of the sheriff to advertise it by the description it bears at the date of the levy, that the public and purchasers may not be misled. (3) The sheriff's deed to defendant does not affect plaintiff's title. The sale was made on a judgment enforcing the state's lien for taxes in a suit against James A. Matney, and the proceeding can have no effect on the interests of persons not parties to the suit. *Giraldin v. Howard*, 103 Mo. 40; *Stafford v. Fizer*, 82 Mo. 393; *Gitchell v. Kreidler*, 84 Mo. 472; *Bank v. Green*, 84 Mo. 477.

*James W. Boyd* for respondents.

(1) The sheriff's deed of the eighteenth day of March, 1869, conveyed to James A. Matney all of the title that E. O. Hays had in lot 5, block 2, Noble tract. Appellant, therefore, got no title by virtue of the deed executed by E. O. Hays, the ninth of November, 1889. E. O. Hays had no interest in said property at that time—it had been sold by the sheriff to Matney.

*Marvin v. Elliott,* 99 Mo. 616; *Cornwall v. Thurston,* 59 Mo. 157; *Bray v. Conrad,* 101 Mo. 331; *Baker v. Clay,* 101 Mo. 553. (2) Zimmerman, the respondent, has been in the possession since 1883 or 1884 of lot 5, block 2, Noble tract, and was in the possession of said lot at the time E. O. Hays made the deed to appellant on the ninth of November, 1889. This was notice to appellant that respondent Zimmerman claimed title. *Pike v. Robertson,* 79 Mo. 615; *Cox v. Esteb,* 68 Mo. 110. (3) The description contained in the sheriff's deed to Matney, dated the tenth day of April, 1869 (through which respondents claim title), was sufficient. *Baker v. Clay,* 101 Mo. 553; *Hammon v. Johnson,* 93 Mo. 199; *Brown v. Walker,* 85 Mo. 263; *McPike v. Allman,* 53 Mo. 551; *Cornwall v. Thurston,* 59 Mo. 157; *Schreiber v. Osten,* 50 Mo. 513; *Marvin v. Elliott,* 99 Mo. 616. (4) The same presumptions are indulged in, in relation to a sheriff's deed, as would be applied to other deeds. *Wallshire v. Kelly,* 69 Mo. 643; *Evans v. Robinson,* 92 Mo. 192. (5) The property sold at a sheriff's sale and described in the sheriff's deed may be identified by parol. *Hart v. Rector,* 7 Mo. 532; *Landis v. Perkins,* 12 Mo. 239; *Bates v. Bank,* 15 Mo. 309; *Bank v. Bates,* 17 Mo. 583; *Webster v. Blount,* 39 Mo. 500; *Ballinger & Co. v. McDowell,* 99 Mo. 632; *Charles v. Patch,* 87 Mo. 451; *Baker v. Clay,* 101 Mo. 553; *Allen v. Moore,* 67 Mo. 101; *Schreiber v. Osten,* 50 Mo. 513; *Brown v. Walker,* 85 Mo. 262. (6) Respondent Zimmerman obtained a good title to lot 5, in block 2, Noble tract, at the tax sale by the sheriff on the sixteenth day of September, 1881. A tax deed is good although it fails to recite a separate judgment against each piece of property, or that the same was sold separately; it cannot be attacked collaterally. These defenses cannot be raised in ejectment. *Jones v. Driskill,* 94 Mo. 191; *Dollarhide v. Parks,* 92 Mo. 178.

BLACK, J.—This is ejectment for lots 1, 2, 3, 4, 5, 7, 8, 9 and 10, in block 2, and lots 1 and 6 in block 1, in Hays' second railroad addition to the city of St. Joseph. At the close of all the evidence the court gave an instruction that the plaintiff could not recover, and thereupon he took a nonsuit with leave. Though both parties claim title through Edward O. Hays, it is necessary to go back a step or two.

William Noble devised the eighty acres of land hereafter mentioned, of which the lots in question are a part, to Levi Johnson. Johnson, by his guardian, brought suit in partition against certain persons, which suit resulted in a sale of the land. The sheriff, in selling the land, laid it off into lots and blocks, and Edward O. Hays became the purchaser of "lot 5 in block 2, containing two and one-half acres, out of the south half of northeast quarter of section 20, in township 57, range 35." The deed to Hays bears date April 15, 1858. The plaintiff also put in evidence a deed from Levi Johnson to Edward O. Hays for the same lot, which deed sets out this additional description: "And more particularly described in the plat and map of said south one-half of said land filed by the sheriff in his report of sale of land in case of Levi Johnson v. William Noble, lately pending," etc. It is by these deeds that Edward O. Hays acquired title.

On the second of March, 1868, Edward O. Hays signed and acknowledged a plat whereby he laid this two-and-a-half-acre lot off into lots, blocks and streets, and called the same Hays' second railroad addition to St. Joseph.

The plat appears from the record before us to have been recorded on March 21, 1888, but this is probably a mistake in the record, and we shall treat it as having been recorded on March 21, 1868. It is said in the

brief of the plaintiff that Edward O. Hays conveyed the lots in suit to the plaintiff on March 21, 1868, but we can find no evidence of such a conveyance in the record. It does appear that he conveyed the lots in question to plaintiff by a deed dated the ninth of November, 1889, which was but a few days before this suit was commenced.

The defendants for title put in evidence a sheriff's deed based upon a judgment rendered on the thirtieth of June, 1864, in favor of James A. Matney against Edward O. Hays. The sale was made on the eighteenth of March, 1869, by virtue of an execution issued on that judgment. The deed is dated the tenth of April, 1869, and it describes the property as "lot 5 in block 2 in Noble tract, being the subdivision of the south half of northeast quarter of section 20, township 57, range 35." This deed was recorded on April 30, 1869. The defendants have acquired all the title of Matney by various subsequent deeds which describe the property in the same way.

I. A complaint is made on the ground that the trial court did not give full force and effect to the plat of Hays' second railroad addition, because it was acknowledged before the deputy recorder of deeds. The plat was admitted in evidence when offered by the plaintiff, and we shall treat it, as in proper form and duly acknowledged and recorded.

The plaintiff next assails the sheriff's deed to Matney on the ground that he should have sold the property according to the description of the lots as given by the plat of Hays' second railroad addition. The plat as we have said was signed, acknowledged and recorded by Edward O. Hays in March, 1868. The sheriff's deed to Matney is based upon a judgment against Hays rendered June 30, 1864, and a sale made on the eighteenth of March, 1869, by virtue of an execu-

tion issued on that judgment. Under the law as it stood when the judgment was rendered the lien continued for five years. According to this statute the lien of the judgment was in full force at the date of the sale, for the five years would not expire until the thirtieth of June, 1869. The General Statutes of 1865 reduced the period of the lien of judgments to three years, but it was held in *Riggs v. Goodrich*, 74 Mo. 108, that this statute shortening the lien of judgments must be construed, either as not applying to judgment liens then in full force or as to such liens the three years should be counted from the date when those statutes went into operation, namely, the first of August, 1866. Applying either of these rules, and the judgment in question was still a lien at the date of the sale. This judgment was, therefore, a lien on the land when Hays made and filed the plat, and that lien continued up to the date of the sale. Hays could not, by laying the land off into lots and streets, affect the lien of the judgment. As against this judgment the plat could not operate as a dedication of the streets to public use. The sale when made related back to the date of the judgment and thus defeated the dedication. The judgment creditor was not bound by the plat, and he had a perfect right to disregard it as he did.

But the question whether the judgment was a continuous lien from its date to the sale is of no moment in this case. Hays owned the two-and-a-half-acre tract at the time the execution was levied thereon and the land sold to Matney. If the plat was valid and binding, still the sale would carry all the title held by Hays. It would convey the lots, though not the streets. The argument offered in opposition to this conclusion seems to be that the description in the sheriff's deed is vague and indefinite. As has been said this sheriff's deed to Matney describes the land as "lot 5 in block 2, Noble

tract, being in the subdivision of south half of northeast quarter of section 20," etc.   This same subdivision of the land is mentioned in the Hays' plat in the deed to Hays from Levi Johnson, and in the. sheriff's deed to Hays made by virtue of the partition sale.   The reference in this sheriff's deed to Matney to the subdivision of the south half of northeast quarter of section 20, etc., refers back and can refer to nothing but the subdivision made at the partition sale; and this reference makes the report of that sale and the plat therewith filed a part of the sheriff's deed in question, just as much so as if they had all been copied therein.

By going back to the partition proceedings, as we must, the description is made definite and certain. Possibly the fact that the sheriff sold this entire addition in a lump would have been a good ground for setting aside the sale had timely proceedings been taken for that purpose, but the sale is not void.   Such a complaint would not be heard even in a proceeding to set aside the sale at this late day and after rights of third persons have attached, much less is the sale void for any such a reason.

The sheriff's deed to Matney carried all of the Hays title, and the plaintiff acquired nothing by his deed.   Indeed, this appeal is without any merit whatever, and the judgment is affirmed.   All concur.