WEST, *Appellant*, v. BRETELLE.

### Division Two, May 16, 1893.

1. **Deed**: MISTAKE: DESCRIPTION: REJECTION OF FALSE CALL. While it
is not competent in an action at law to correct a mistake in a deed
and then to give effect to it as amended, yet where part of the
description is inconsistent with other parts, proceeding either from a
mistake of the writer or error of the grantor and the remaining part
is sufficient to designate the land sold, the remedy is afforded at law
by disregarding the false description and giving effect to the other
calls.

2. ———: REFERENCE TO ANOTHER CONVEYANCE. The reference in a
conveyance to the record book and page of another deed makes the
latter a part of the conveyance itself.

3. ———: MONUMENTS. Monuments when called for in deeds generally,
control as against calls for courses and distances.

4. **Ejectment**: TITLE. A plaintiff in ejectment must recover on the
strength of his own title and not on the weakness of the defendant's.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL
D. FISHER, Judge.

AFFIRMED.

*Lubke & Muench* and *Fisse & Allen* for appellant.

(1) Where there is a repugnance between a general
and a particular description in a deed, the latter will
control. *Railroad v. Green*, 68 Mo. 169; *Hampton v.
Helms*, 81 Mo. 631; *Bradshaw v. Bradbury*, 64 Mo. 334;
*Fenwick v. Gill*, 38 Mo. 510; *Evans v. Green*, 21 Mo.
207; *Bates v. Bauer*, 17 Mo. 550; *Cooley v. Warren*,
53 Mo. 168; *Shewalter v. Pirner*, 55 Mo. 219; *Gitt v.
Eppler*, 56 Mo. 138; *Guffy v. O'Reilly*, 88 Mo. 418;
*Railroad v. Skinner*, 9 Mo. App. 189; *Husbands v.
Stemple*, 13 Mo. App. 589; *Gibson v. Bogy*, 21 Mo. 478;

*Drew v. Drew,* 25 N. H. 489. (2) The lease to Steer is not available to the defendant as an outstanding title. *McDonald v. Schneider,* 27 Mo. 405.

*William B. Thompson* and *E. P. Johnson* for respondent.

(1) The instructions given for appellant are extremely liberal in his behalf, and the ones refused are erroneous for the reasons that they attempt to dispose of both the law and facts, and if given, would have been an improper construction of the deed. (2) A reference in a deed to a book and page of another deed for description, is sufficient to convey the land described in the deed referred to. *Clamorgan v. Railroad,* 72 Mo. 139; *Dolde v. Vodicka,* 49 Mo. 98; *Nelson v. Brodhack,* 44 Mo. 596. (3) A lot may constitute a monument in a call in a deed. *Rutherford v. Tracy,* 48 Mo. 325; *Jamison v. Fopiana,* 48 Mo. 194. (4) False calls or mistakes in a deed, even when they refer to known monuments, must be rejected. *Shewalter v. Pirner,* 55 Mo. 218; *Cooley v. Warren,* 53 Mo. 166; *Gibson v. Bogy,* 28 Mo. 478. (5) A boundary is a question of law for the court. *Whittelsey v. Kellogg,* 28 Mo. 404. (6) A practical construction placed upon a deed by the parties to it, will show their intention and govern its construction. *Wolfe v. Dyer,* 95 Mo. 545, on page 551. (7) When a case has been tried on a particular theory in the lower court, the appellate court will regard only that theory. *Bettes v. Magoon,* 85 Mo. 580.

BURGESS, J.—The suit is ejectment to recover possession of a parcel of land described in the petition as a strip or parcel of land lying in block number 117 of the city of St. Louis and more particularly - as follows: "Beginning at a point in the north line of Olive street, seventy-five feet east of the east line of

West v. Bretelle.

Sixth street; thence running northwardly on a line parallel to the east line of Sixth street one hundred and fourteen feet three inches to a point; thence eastwardly on a line parallel to the north line of Olive street, one foot and three inches to a point; thence southwardly in a straight line one hundred and fourteen feet three inches to a point in the north line of Olive street seventy-eight feet and seven eighths east of the east line of Sixth street; thence westwardly along the north line of Olive street one foot eight and seven eighths inches to the point of beginning."

The answer was a general denial and an equitable defense. The latter was abandoned at the trial and no notice need be taken of it.

It may be stated here that plaintiff and defendant each claim to have buildings thereon and occupy, by themselves or tenants, adjacent lots on the north side of Olive street and between Fifth and Sixth streets one hundred and fourteen feet in depth. Between these buildings is a narrow alley way two feet seven and three eighths inches wide on Olive street. Plaintiff by his tenant occupies the east lot and claims to own the whole of this alley and also the strip of land in dispute which is occupied by the east wall of defendant's buildings while defendant claims not only the wall in dispute but also a portion of the alley. The controversy is over the description of the land conveyed as contained in certain deeds under which defendant claims. It appears from the evidence that one half of block 117 on the north side of Olive street contains one hundred and thirty-five feet, which includes seven feet of an alley on the east.

On the fourth day of February, 1836, John B. Sarpy and wife made a deed of conveyance to Albert G. Edwards describing the land conveyed as follows: "Beginning at a point on the northern boundary line

of Olive street, thirty feet distant from the intersection of said boundary line and the western boundary line of lot 41, as laid down in the plat of Lucas and Chouteau's addition to St. Louis, now on file and of record in the recorder's office, and running westwardly therefrom fifty-two and one half feet; thence northwardly and parallel to Sixth street one hundred and fifteen feet more or less, to the southern boundary line of lot 43 as laid down in the plat aforesaid which said lot was conveyed to Samuel Mount by John B. C. Lucas; thence eastwardly along said southern boundry line fifty-two and one half feet; thence southwardly and parallel to Sixth street one hundred and fifteen feet to the point of beginning." September 1, 1838, Edwards conveyed to Thomas H. West by the same description.

On the thirteenth day of September, 1867, West by the sheriff conveyed to L. Ruffner, Jr., by the same description, to which was added the following: "and is the same lot of ground conveyed to said West by Albert C. Edwards and Louisa C., his wife, by deed dated September 1, 1838, and recorded in the recorder's office of said county, in book F. number 252; said lot of ground being bounded on the west by John B. Sarpy's estate, and on the south by Olive street." This deed was recorded in book 347, page 98. On the twenty-fourth day of January, 1873, Lewis Ruffner and wife conveyed to Washington West (plaintiff herein), by same description as the deed from Sarpy to Edwards, adding thereto the following: "Said property being acquired by the parties of the first part by deed recorded in book 347, page 98."

On the thirtieth of November, 1878, Washington West conveyed to Virginia L. Ruffner's trustee a portion of said land describing the same as follows: "All that certain lot, piece or parcel of ground situate in block number 117 of the city of St. Louis aforesaid, and

bounded and described as follows: beginning at a point in the northern line of Olive street distant fifty feet from the northeast corner of Sixth and Olive street; thence running east along Olive street twenty-five feet; thence north one hundred and fourteen feet; thence west and parallel with Olive street twenty-five feet; thence south along property of Sarpy's estate one hundred and fourteen feet to place of beginning, and being the western twenty-five feet of property acquired by party of the first part by deed from Lewis Ruffner, Jr., and wife dated the twenty-fourth day of January, 1873, and duly recorded in book 462, page 342, for a more full description of which reference is hereto made."

On the twenty-second day of October, 1885, said trustee conveyed to defendant a lot described as follows: "A lot of ground in the city block number one hundred and seventeen (117), beginning at a point in the north line of Olive street distant fifty (50) feet eastwardly from the northeast corner of Sixth street and Olive street; thence running eastwardly along said north line of Olive street twenty-five feet (25) feet; thence northwardly and parallel with Sixth street one hundred and fourteen (114) feet; thence southwardly and parallel with Olive street twenty-five (25) feet; thence southwardly and parallel with said Sixth street one hundred and fourteen (114) feet to the place of beginning, and all improvements now on said described ground."

The evidence shows that the east boundary line of lot 41, mentioned in deed 1, was coincident with the center of an alley on the east side of the block, and that the alley was fourteen feet wide; that the frontage of the block, including seven feet of the alley, was one hundred and thirty-five feet. Leaving thirty feet on the east, the fifty-two and one half feet conveyed by

the first four deeds would leave fifty-two and one half feet between the west line and Sixth street. The description contained in the deed to defendant, commencing fifty feet from Sixth street, would only convey twenty-two and one half feet of the land described in those deeds, unless the beginning point should have been fifty-two and one half feet from Sixth street instead of fifty feet. If the deed to defendant conveyed to him twenty-five feet off the west side of the land described in the first four deeds; or in other words if his deed should be construed to convey him twenty-five feet, commencing fifty-two and one half, instead of fifty, feet east of Sixth street, then he would have the title to the land in dispute. Defendant interposed no equitable defense, based upon any mistake of description in writing the deed, but asks that his deed under all the circumstances be so construed.

Plaintiff asked, and the court refused to give, the following declaration of law: "By the deed from Virginia L. Ruffner's trustee to the plaintiff, Ambrose K. Bretelle, read in evidence, there was conveyed to plaintiff only a lot of ground twenty-five feet in width, the western boundary whereof is a line fifty feet east of Sixth street. If, therefore, from the evidence the court believes that the strip of ground sued for in this action lies east of said twenty-five foot lot as conveyed to defendant, then, under the other evidence offered in the case, plaintiff has the legal title to the strip here sued for."

The judgment was for defendant, and plaintiff appealed.

There can be no doubt of the proposition urged by counsel for defendant, and substantially conceded by opposing counsel, that a part of the description in a deed of the land conveyed thereby which is inconsistent or repugnant to another part may, if contrary to

the intention of the parties, be rejected altogether, if enough of the description remains from which the land can be ascertained and identified. *Gibson v. Bogy*, 28 Mo. 478; *Jamison v. Fopiana*, 43 Mo. 565; *Rutherford v. Tracy*, 48 Mo. 326. This is done in giving construction to deeds in actions at law and resort to equity, as for the correction of a mistake, is not necessary. *Evans v. Greene*, 21 Mo. 208. Judge LEONARD in this case distinguishes between the correction of mistakes and the construction of repugnant words and clauses, as follows: "Certainly it is not competent in this action, involving the legal title only, to correct a mistake in the deed and then give effect to it as amended, and, therefore, if the words 'southeast corner' were put into the deed by mistake, and without them there is not sufficient description left to identify the land sold, it would be a case for relief in equity; but, if part of the description is inconsistent with other parts, proceeding either from the mistake of the writer or the error of the grantor, and the remaining part is sufficient to designate the land sold, the remedy is afforded at law by disregarding the false description and giving effect to the other calls."

Mr. Cozens, who had for many years been surveyor in the city of St. Louis, and familiar with the location of the property in controversy, stated as a witness that the west line of the property described in the deeds, from Sarpy to Edwards, and from Edwards to West, was fifty-two and one-half feet east of the east line of Sixth street. The deed from West by sheriff to Ruffner copies the exact description of these two deeds, and in addition recites that it conveys the same lot of ground conveyed by the deed from Sarpy to Edwards, giving date, names of parties and book and page of record. The reference to the book and page wherein the other deed had been recorded, made such description a part

of the deed itself.  *Clamorgan v. Railroad*, 72 Mo. 139;
*Dolde v. Vodicka*, 49 Mo. 98; *Nelson v. Brodhack*, 44
Mo. 595; *Hays v. Perkins*, 109 Mo. 102.

In the deed from Ruffner to Washington West,
plaintiff copies the description from the three foregoing
deeds, including the call for the western adjoining pro-
prietor in the deed by the sheriff to Ruffner, and also
recites that the land conveyed by it is the same
acquired by the grantor, West, from Edwards, dated
September 1, 1838, giving the book and page of the
record in which it is recorded.   These deeds all locate
the beginning in describing the land at the southeast
corner of the lot, but the deed from Washington West
to Mead, trustee of Ruffner, begins at the southeast
corner of the lot, and recites that this latter corner is
located fifty feet east of Sixth street, which is evidently
a mistake, as it should be fifty-two feet and six inches.
As in other respects, in so far as applicable, it contains
the same description in the four preceding deeds, and
also recites that it conveys the western twenty-five feet
of the land acquired by the grantees from Lewis
Ruffner, Jr., and wife by deed dated January 24, 1873,
and duly recorded in book 462, page 342, and for a
more definite description reference is made to said
deed.   By the description in these deeds it will be seen
that the ground in controversy is embraced within
these provisions.   The call in this deed for fifty feet
must be rejected; the western lot being fifty-two feet and
six inches in width, is not only a monument, but the
chief and controlling one in this case.   It is well settled
law that monuments when called for in deeds generally
control over calls for course and distance.   *Rutherford
v. Tracy, supra;  Jamison v. Fopiana, supra;  Cooley v
Warren*, 53 Mo. 166.   In the case of *Shewalter v.
Pirner*, 55 Mo. 218, it is said:   "It is very true that nat-
ural or known monuments will control courses and dis-

tances; but it is equally true that where there is a false call, demonstration or discription in a deed, and the false description can be rejected and leave a sufficient description to identify the land, the false description will be rejected, and the remainder of the description, being sufficiently certain, will be sufficient to pass the land." *Cooley v. Warren, supra; Gibson v. Bogy, supra.* The call in the deed for fifty feet instead of fifty feet six inches east of Sixth street was evidently a mistake, in repugnance to the other description therein, and must be disregarded.

If this is the proper construction to be placed on these deed, and we so hold, the plaintiff ought not to recover in this action, for the want of title, and it makes no difference whether defendant has shown title in himself or not. If not in defendant, it is outstanding, and plaintiff must recover, if at all, on the strength of his own title, and not on the weakness of that of defendant. *Siemers v. Schrader,* 14 Mo. App. 346; *Foster v. Evans,* 51 Mo. 39. There was no error in refusing the instructions asked by plaintiff.

Being unable to perceive any reversible error in the trial of the cause, or in the record, and the judgment being for the right party, it is affirmed. All concur.