## Wytheville.

### TOWN OF GATE CITY V. RICHMOND.

#### JULY 6, 1899.

1. DEDICATION TO PUBLIC USE—*Prior Deed of Trust—Rights of Trust Creditor and Purchaser Under Deed.*—A purchaser of land, subject to prior deed of trust, cannot dedicate any portion of the land to a public road or street, to the prejudice of the rights of the trust creditor, or a purchaser under the deed of trust.

2. ACKNOWLEDGMENTS—*Deputy Clerk.*—Prior to the Act of February 10, 1890, a deputy clerk of a county court could take acknowledgments of deeds to be recorded in the office of his principal. He had power to discharge any of the duties of his principal unless otherwise provided by law, and this duty was not otherwise so provided.

3. DEDICATION TO PUBLIC USE—*Character of Acts and Declarations Necessary.*—The acts and declarations of a land owner, indicating an intention to dedicate land for the use and benefit of the public, must be unmistakable in their purpose, and decisive in their character, to have that effect. Such acts and declarations have not been shown in the case in judgment.

Appeal from a decree of the Circuit Court of Scott county, pronounced November 20, 1897, in a suit in chancery for the purpose of enjoining the appellee from closing a street, wherein the appellant was the complainant, and the appellee was the defendant.

*Affirmed.*

The opinion states the case.

*T. R. Jackson* and *J. J. A. Powell,* for the appellant.

*H. S. K. Morrison* and *Richmond & Richmond,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This case involves the right of the appellee, J. B. Richmond, to close the street which the appellant claims has been dedicated, and accepted by it, for the public use.

It appears that J. R. Beverly was the owner of two lots of land, situated in the town of Estellville, Scott county (now known as Gate City), and that he conveyed the same on the 4th day of February, 1887, to E. A. Hoge, trustee, to secure certain debts mentioned in said trust deed. On the 6th day of June, 1887, J. R. Beverly sold and conveyed these same lots to William D. Jones. The rights acquired by Jones under this deed were necessarily subordinate to the prior right of the creditors secured under the deed to Hoge, trustee. It further appears that, in pursuance of the trust deed to E. A. Hoge, the lots were advertised to be sold June 1, 1893, to satisfy the debts thereby secured, and were bought by the appellee, J. B. Richmond, and conveyed to him by the trustee by deed dated April 12, 1893.

The bill filed by appellant prays for an injunction to restrain appellee from obstructing or closing the street in question. The injunction was granted by the judge of the Corporation Court of the city of Bristol, and subsequently dissolved, and the bill dismissed by the Circuit Court of Scott county, from which last-mentioned decree this appeal was allowed.

It appears that, shortly after the purchase of the lots by William D. Jones, he consented to the street in question being opened; this was accomplished by merely setting back the line fence forty feet, at a cost of thirty-five cents. The evidence is chiefly, if not entirely, directed to acts done by the appellant, indicating an acceptance of the street for public purposes prior to the sale under the Hoge deed of trust. If such evidence could be regarded in determining the rights of the parties to this controversy, that offered is very unsatisfactory, and shows little or nothing done by appellant to establish its claim to having

accepted the street as a public thoroughfare. We are, however, of opinion that William D. Jones had no power to dedicate this ground as a street. It was covered by a deed of trust securing rights prior to and higher than his. He was only entitled to the equity of redemption, and could not give away a part of the property any more than he could the whole, to the prejudice of the deed of trust in subordination to which he held.

It is contended that Jones has title paramount and superior to Hoge, trustee, under whom appellee claims, because the deed of trust purports to have been recorded upon an acknowledgment thereof, before the deputy clerk of the County Court of Scott county; it being insisted that deputy clerks were not authorized to take such acknowledgments until the passage of the act of February 10, 1890 (Acts 1889-90, p. 44), and that, therefore, the deed of trust was not properly admitted to record, and was not constructive notice to Jones, the purchaser from Beverly.

The Code of 1873, which contains the law applicable at the time this deed of trust was acknowledged, provides (sec. 8, chap. 159, p. 1068) that "*the clerk of any county, corporation, or circuit court, may, with the consent of the court, or of the judge in vacation (the said consent in vacation being given in writing) appoint a deputy, who, during the continuance in office of said principal, may discharge any of the duties of said clerk unless otherwise provided by law.*" One of the duties the clerk is authorized by law to discharge is taking the acknowledgment to deeds; and, it being nowhere provided by law that his deputy shall not perform that duty, it follows that he can perform it by the express terms of the section quoted.

It is further contended that the street was open at the time of the purchase by appellee, and that he acquiesced therein, and made no attempt to close it for several years thereafter.

In the case of *Harris* v. *The Commonwealth,* 20 Gratt. 833, Judge Staples, after defining a dedication to be " the act of devoting or giving property for some proper object, and in such

manner as to conclude the owner," says: " To constitute a dedication there must be an intention to appropriate the land for the use and benefit of the public. The intention, the *animus dedicandi,* is the vital principle of the doctrine of dedication. The acts and declarations of the land owner indicating such intention, must be unmistakable in their purpose, and decisive in their character, to have that effect." A number of authorities are cited by the learned judge in support of this statement of the law.

In the case at bar the evidence shows an absence of intention on the part of appellee to acquiesce in the opening of the street in question, or to dedicate the land covered thereby. It appears that soon after his purchase he announced his right to the land, and his purpose to re-enclose it, and, more than once afterwards, repeated this declaration. It appears from the evidence of the mayor of the town that he went upon the ground with the appellee, as late as April, 1897, to confer with him, and to try and make some arrangement to have a part or all of the street left open, and that he in no way questioned the right of appellee to close the street. This witness further testifies that, when some work was attempted on the street in the winter or early spring of 1897, the appellee objected, and the work was not done. The acts and declarations of appellee, instead of showing an " unmistakable and decisive purpose " to dedicate the street, establish a determined purpose not to do so.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*