WILLIAM M. MORNING, APPELLANT, V. CITY OF LINCOLN, APPELLEE.

FILED MARCH 14, 1913.    No. 16,968.

1. **Municipal Corporations: STREETS: DEDICATION.** Land cannot be dedicated to the public for a street by deed, unless such deed is executed by the owner of the land. If there are outstanding liens which afterward ripen into full title, such attempted dedication by the owner of the equity of redemption alone, without the knowledge or consent of the lien-holder, will be of no effect.

2. ——: ——: ——: ESTOPPEL. If the deed of dedication is not recorded, and the holder of such lien has no notice of the existence of the deed, or that there is any claim of right on the part of the public or of any individual to use the land as a street, the fact of such user will not estop the lien-holder to deny that he consented to such dedication.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed with directions.*

*Morning & Ledwith,* for appellant.

*Fred C. Foster* and *D. H. McClenahan,* contra.

SEDGWICK, J.

The plaintiff began this action in the district court for Lancaster county against this defendant to quiet his title in a certain city lot described in the petition, and to cancel a deed of dedication executed by a former owner of the lot. The district court entered a decree in favor of the defendant, and the plaintiff has appealed.

The petition alleges that one Lizzie E. Reeves was formerly the owner of the lot in question, and neglected to pay the county and city taxes assessed thereon for the year 1889, and subsequent taxes, and that on the 29th day of November, 1890, the lot was duly sold at a regular tax sale, according to law, and that the Farmers Loan & Trust Company purchased the lot at that sale, and afterwards the purchaser paid the subsequent taxes and foreclosed its lien for taxes and a decree of foreclosure was duly entered, and pursuant thereto the lot was duly and regularly sold by the sheriff of the county under the order of the court, the sale confirmed, and a deed duly ordered, executed and delivered to the Farmers Loan & Trust Company. The deed was regularly recorded in the proper office on the 23d day of August, 1898. The plaintiff purchased the lot from the Farmers Loan & Trust Company, and in July, 1902, the said company executed a deed of conveyance to the plaintiff conveying the said lot, which deed was duly recorded in August, 1902. In December,

1890, the said Reeves executed a deed of dedication dedicating the lot to the public as a street. This deed by some oversight was not recorded until in June, 1906. These allegations are admitted in the answer, and are not controverted in the evidence. There is evidence tending to show that the lot has been for many years more or less used by the public, but there is no evidence that the plaintiff ever consented to such use, or that the plaintiff, prior to the year 1906, knew or had any reason to suppose that the lot had been dedicated to the public, or that it was being used as a street under any claim of dedication or other right. Under these circumstances, it seems clear that the plaintiff's interest and title in the lot has not been acquired by the public or affected by the attempted dedication and user. In *Warren v. Brown*, 31 Neb. 8, 19, it is said: "To establish the existence of a public road by dedication by deed, it must appear that the grantor was the owner of the lands when the dedication was made." In *Gate City v. Richmond*, 97 Va. 337, 33 S. E. 615, it is held that one who holds only the equity of redemption has no power to make a valid dedication of the land to public use. In that case the owner of the land executed a trust deed in the nature of a mortgage and afterwards sold his equity of redemption, and it was held that the purchaser had no power to dedicate the land to public use. In *Hays v. Perkins*, 109 Mo. 102, 18 S. W. 1127, the owner of the land attempted to make a dedication to public use while there was a judgment against him which was a lien upon the land. The court said: "Hays could not, by laying the land off into lots and streets, affect the lien of the judgment. As against this judgment the plat could not operate as a dedication of the streets to public use. The sale when made related back to the date of the judgment and thus defeated the dedication."

In the case at bar there was not only a valid lien for taxes of at least as high a grade as the lien of a judgment, but the land had actually been sold by virtue of the lien, and the interest so acquired in the land afterwards ripened

into a complete title. Surely the owner of the equity of redemption cannot by secret deed, without the knowledge of those holding interest in the land superior to his own, convey or destroy these interests. There is no evidence in this case as to the value of the lot at the time of the attempted dedication, and therefore it does not appear that Mrs. Reeves had any substantial interest in the lot at that time. We think this suggestion makes the reason of the rule apparent; for if the owner of the equity of redemption could defeat prior rights, relatively of small importance as compared with her own, she could by the same reasoning defeat prior liens, although they were equal to the full value of the land.

The decree of the district court is reversed and the cause remanded, with directions to enter a decree for the plaintiff as prayed.

REVERSED.