## COOK v. PARKINSON, County Treas.

No. 29624. Nov. 24, 1942.

*131 P. 2d 82.*

Woodson E. Norvell, of Tulsa, and George E. Norvell, of Seminole, for plaintiff in error.

Dixie Gilmer, County Atty., and John F. Conway, Asst. County Atty., both of Tulsa, for defendant in error.

GIBSON, J. This is an action by the owner of certain special improvement bonds to enjoin the county treasurer of Tulsa county from conducting a resale of the particular premises for delinquent taxes. Plaintiff appeals from a judgment of dismissal entered on sustaining demurrer to his petition.

The bonds in question were issued in payment of street paving bordering on blocks 11 and 12 in Norvell Park addition to the city of Tulsa. Subsequent to the issuance of the bonds the plat of blocks 11 and 12 was vacated and the land resubdivided and platted as the Cardiff Resubdivision of part of blocks 11 and 12, Norvell Park addition, and the land designated in the plat as lots 1 to 8, inclusive. Thereafter, the land was assessed under that description for ad valorem taxation.

The lots aforesaid as now described on the tax rolls include land that was

not subject to the lien of plaintiff's bonds. The county treasurer has included the lots in his proceedings preliminary to resale and is about to sell the same.

Plaintiff contends that a resale of the premises in the circumstances aforesaid would deprive him of his property without due process of law. He asserts that the change in the description of the premises and the inclusion therein of lands not affected by the lien of his bonds, and the assessment thereof accordingly, deprive him of his original right as an interested party to pay the ad valorem tax and thereby protect his lien.

Defendant says that the vacation of the plat was authorized by statute (sec. 6150, O. S. 1931, 11 Okla. Stat. Ann. § 525), and that the replatting of the land and assessment thereof accordingly were entirely proper (sec. 6154, O. S. 1931, 11 Okla. Stat. Ann. § 529); that these statutes were in full force when the bonds were issued and therefore a part of the bond contract (Prince v. Ypsilanti Savings Bank, 140 Okla. 131, 282 P. 282), thus permitting the change in the assessment by agreement.

It is true that the laws under which municipal bonds are issued enter into and become a part of the bond contract (Prince v. Ypsilanti Savings Bank, supra), but in order for a statute to become a part of the contract in such case it must deal with or have some relation to the subject in hand. This appears too elementary to require discussion. We are unable to see how statutes merely authorizing the vacation of townsite plats and the replatting of the land have any relation to the issuance of paving bonds and the obligations and rights created thereby. They are no more related to such bonds than to any other contract affecting the same premises. Those sections were never intended to operate as an impairment of the contractual obligations of parties dealing with the land involved nor to foreclose existing remedies for the protection of vested property rights.

By force of the statute, section 6150, supra, when a plat is vacated as was done here, the public is divested of all rights in the streets and alleys and other public grounds, but this does not mean that private parties may be divested of their existing rights without their consent.

The plaintiff offers no supporting authority for the contention that the facts above, as set out in his petition, are sufficient to support his allegation that his property is about to be taken without due process of law, but his argument is obviously correct.

From the time the bonds in the instant case were issued, the owner thereof held a lien against the property involved for the amount of the bonds. Section 6240, O. S. 1931, 11 Okla. Stat. Ann. § 107. Plaintiff as the owner was entitled to the opportunity to pursue any legal means toward the protection of his lien. This included the right to pay the ad valorem tax upon the property to which his lien extended. Section 12757, O. S. 1931, 68 Okla. Stat. Ann. § 393, since repealed, S. L. 1939, p. 545. But the reassessment aforesaid deprived him of that right. In order to protect his own lien he would now be compelled to redeem from ad valorem tax sale lands to which his lien does not extend. Obviously, such procedure, if necessary to prevent the impending resale of plaintiff's security, would deprive him of his property without due process.

So far as plaintiff is concerned, the assessment as now extended on the tax rolls is invalid and perhaps a resale of the premises would not foreclose his lien. But the mere' fact that at some future date he may have a remedy against the illegal sale should not deprive him of the right to immediate equitable relief.

The truth is that the forms of law are not being observed in the resale proceedings affecting the land in question, and statutes are being accorded an erroneous interpretation. This amounts to a failure of due process of law. As said in 16 C. J. S., Constitutional Law, § 569:

"The want of due process of law may arise either from the fact that the law attempted to be enforced is void or that the forms of law have not been observed."

Though the county treasurer in the instant case may not be attempting to enforce a void law, he is about to commit an act which in every legal aspect amounts to the same thing and which would produce a similar result. He is about to enforce against the property rights of plaintiff a statute which is wholly inoperative (sec. 6150, supra).

It necessarily follows that under the present assessment of this property the plaintiff's lien cannot be foreclosed without his consent. We do not say that the county pursuant to proper procedure may not sell the land in satisfaction of its own tax liens and subject to the lien of the plaintiff. But since the proposed resale would constitute an attempt to foreclose not only the lien of the county but that of the plaintiff also, it should be enjoined as an attempt to deprive plaintiff of his property without due process of law.

It is not our purpose to hold that the act of the landowners in vacating the former plat and replatting the premises was invalid for all purposes. That question it not before us. But it is certain that the plaintiff as the owner of a lien on the premises was not bound by that act. Though the owners of the land held legal title thereto, that title was subject to plaintiff's lien. They could not convey, destroy, or impair the interest of the lienholder without his knowledge or consent. Morning v. City of Lincoln, 93 Neb. 364, 140 N. W. 638. In that case the court, in determining the validity of an alleged dedication of land for a street, held: "If there are outstanding liens which afterward ripen into full title, such attempted dedication by the owner of the equity of redemption alone, without the knowledge or consent of the lienholder, will be of no effect." The lien there mentioned was a tax lien.

In Duncan v. City of Elizabeth, 25 N. J. Eq. 430, a situation similar to the present one is disclosed. There the plaintiff had sought to redeem his land from a sale for delinquent assessments. The city refused to permit redemption unless the plaintiff also pay the assessments on another tract included in the sale. The court enjoined the completion of the sale.

In this state a city ordinance or resolution attempting to reduce the obligation created by paving bonds is ineffective as against the bondholder. Brown-Crummer Inv. Co. v. Paulter, 70 Fed. 2d (C.C.A.) 184. It necessarily follows that the owners of a townsite subdivision may not impair the legal rights of the owners of like bonds for street improvements in such subdivision. And among those rights is the right to protect the lien of the bonds from foreclosure at a county resale.

Plaintiff in his petition offers to make tender of the correct amount of ad valorem taxes due, but tender is unnecessary to his cause for the reason that no method exists whereby the taxes may be accurately estimated.

The trial erred in sustaining the demurrer to the petition.

The judgment is therefore reversed and the cause remanded, with directions to overrule defendant's demurrer and to proceed with the cause.

WELCH, C. J., CORN, V. C. J., and OSBORN and DAVISON, JJ., concur. HURST and ARNOLD, JJ., dissent. RILEY and BAYLESS, JJ., absent.