Arthur J. CARIGNAN, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 43579.

Supreme Court of Oklahoma.

May 5, 1970.

William L. Brock, Norman, for plaintiff in error.

Preston A. Trimble, Dist. Atty., Norman, for defendant in error.

BERRY, Vice Chief Justice.

This is a review of proceedings upon which the District Court entered judgment terminating parental rights of defendant and his wife over their five minor children, from which judgment defendant appeals.

Prior to hearing, the County Court of Cleveland County had adjudicated the five children to be dependent and neglected. The children were made wards of the court, custody being placed first with the

Associated Catholic Charities, and later with the Department of Public Welfare. No appeal was taken and the judgment became final.

On June 20, 1968, petition was filed in county court under 10 O.S.Supp.1965, § 471 et seq., seeking termination of defendant and wife's parental rights. After hearing the county court decreed parental rights terminated on July 2, 1968. From this decree an appeal was taken to the district court. On August 28, 1968, the district court vacated the county court order terminating the parental rights, and placed custody of the children in the Department of Public Welfare.

On March 28, 1969, an amended petition was filed in the district court seeking termination of parental rights (10 O.S. Supp.1968, § 1130, which amends § 471, supra). This petition alleged defendant was serving a term (two to six years) in custody of Department of Corrections in McAlester, and defendant's wife was then in the State of Florida and had not contacted her children since July of 1968. The petition alleged the parents had failed to give the children parental care and protection necessary for their physical and mental health.

The matter was regularly heard and the district court found defendant and his wife had failed to give parental care or protection necessary for physical and mental health of their children. Based upon evidence presented the court determined best interests of the children required parental rights be terminated. From this order defendant has appealed. Defendant's attorney was appointed by the court with directions to appeal this matter.

Defendant advances three propositions, the third and last of which urges: "The judgment of the trial court terminating defendant's parental rights during his term of imprisonment constitutes cruel and unusual punishment and deprives defendant of his constitutional rights concerning his children without due process of law."

Defendant argues termination of parental rights during imprisonment constitutes cruel and unusual punishment which deprives him of his rights without due process of law, and is violative of the 14th amendment of the United States Constitution. Defendant cites 16 Am.Jur.2d, Constitutional Law § 572; Constitution, Art. II § 7, and Cook v. Parkinson, 191 Okl. 529, 131 P.2d 82, as authority for argument that due process of law means orderly proceedings adopted to the nature of a case, with an opportunity to be heard and full power to grant relief. Defendant admits the hearing was regular in all respects, that he was present and given full opportunity to present his case. Defendant contends, however, at the time his rights were terminated he was in custody and could not demonstrate ability to provide care for his children.

This contention in substance simply is that parental rights cannot be terminated during the period a parent is serving a sentence in a penitentiary.

10 O.S.Supp.1968, § 1130, provides in pertinent part:

"* * * a court may terminate the rights of a parent to a child in the following situations:

* * * * * *

"(c) A finding that a parent who is entitled to custody of the child:

"(1) has failed to give the child the parental care or protection necessary for his physical or mental health, or

* * * * * *

"and the parent has failed to show that the conditions have been corrected within a period of six (6) months after the child, or children, were adjudged dependent or neglected and a permanent termination of parental custody of the child, or children, is necessary to protect its physical or mental health or morals; provided further, that the court may extend the time in which such parent may show the condition has been corrected, if, in the judgment of the court, such

extension of time would be in the best interest of the child or children; or * * *."

The state, through its legislature, has wide power with respect to the rights of the parents over their children, which affect the welfare of the children. A parent's right to a child is not a property right in the general sense, but more in the nature of a trust which is subject to control and regulation by the state. The parental rights to the child must yield when the welfare of the child demands. See 67 C.J.S. Parent and Child § 10, at page 633, and § 11 at page 634.

The record in this case shows these children were adjudged dependent and neglected September 27, 1967, and made wards of the court. The parental rights were not terminated by the district court decree until May 8, 1969. At the last hearing defendant testified he had learned a trade and when released was certain of gainful employment, and felt confident he would then properly provide for his children. The record shows the great concern the district judge had in this matter. The Welfare Department produced persuasive evidence demonstrating welfare of the children presently demanded termination of parental rights. Defendant's wife, mother of the children, also had been in prison and had spent a period in a mental hospital. She was not present at the trial, even though notified, and had made no inquiry about the children in almost a year. Defendant did not know whether they would live together after his release. This family had been known to the county authorities for a long period of time. Evidence of care and protection afforded to these children at the time they were living as a family, depicts abuse and neglect.

The record does show defendant loves his children and sincerely wants them. It does not show he administered any abuse. The record does show the children either

had been abused in defendant's presence or while he was absent from home for long periods. Defendant did very little, if anything, to rectify their situation or improve conditions. The record reflects neglect of children resulted either from this father's inability to detect or his indifference and acquiescence in their circumstances. We conclude that defendant was not denied due process. The trial court did not err in finding and ordering parental rights be terminated.

Defendant argues that Constitution, Art. II § 9, is violated in that the severance of parental rights is cruel and unusual punishment. Defendant cites and distinguishes Ex parte Walters, 92 Okl.Cr. 1, 221 P.2d 659, from this appeal, and argues that it is not controlling. We agree it is not in point, but the reasoning therein is somewhat persuasive in opposition to defendant's contention. Defendant cites no other authorities and we have found none to support his views.

Defendant's conviction and sentence is a separate and distinct procedure from action before this Court. We are mindful of many indirect consequences which serve to enhance and magnify the bare punishment pronounced upon individuals prosecuted and convicted for criminal offenses. These indirect consequences also inflict great suffering upon all who are dependent or love the ones sent to prison. We conclude severance of parental rights is not cruel punishment within scope and provisions of Constitution, Art. II § 9.

Defendant's other propositions urge this judgment is unsupported by evidence and is contrary to the law. These contentions are combined for discussion.

Defendant argues the evidence did not support the trial court's finding the children were dependent and neglected, or that he failed to give them proper parental care and protection necessary for their physical and mental health. Defendant

cites many cases in support of this argument. We are familiar with these cases, but fail to see any support therein for defendant's theory. Defendant overlooks the court's determination (September 27, 1967), under which these children were declared dependent and neglected and made wards of the court. This determination was unappealed and became final. See Miracle v. Miracle, Okl., 388 P.2d 9; Ray v. Woodard, Okl., 377 P.2d 216, and In re Harris, Okl., 434 P.2d 477.

Defendant contends that under § 1130, supra, he is entitled to six months after date his children were adjudged dependent and neglected in order to show capability of providing the proper parental care. We can infer only that defendant has overlooked significance of the earlier proceeding upon which the county judge declared the children dependent and neglected (September 27, 1967). The proceedings appealed from involve termination of defendant's parental rights. Under the statute, defendant was entitled within a six (6) month period after adjudication of dependency and neglect to show the district court the prior conditions had been corrected. The district court could have extended this period if in the best interests of the children. The court heard the evidence, gave defendant a full opportunity to show a change in his conditions, and determined the children's best interests required defendant's parental rights be terminated.

We have carefully examined the record, weighed the evidence and determined that the trial court's judgment is not against the clear weight of the evidence.

Affirmed.

IRWIN, C. J., and DAVISON, JACKSON, LAVENDER and McINERNEY, JJ., concur.

WILLIAMS, BLACKBIRD and HODGES, JJ., dissent.